FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 08, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EMILIE K., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security, <br><br> Defendant. | No.   2:20-cv-00079-SMJ <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Emilie K. appeals the Administrative Law Judge's (ALJ) denial of her application of disability benefits. She alleges that the ALJ erred by failing to provide legally sufficient reason for rejecting the opinions of her two treating medical providers. ECF No. 15 at 1–2. The Commissioner of Social Security ("Commissioner") disputes these contentions and asks the Court to affirm the ALJ's determination. ECF No. 16 at 2.

Before the Court, without oral argument, are the parties' cross-motions for summary judgment. ECF Nos. 15, 16. After reviewing the administrative record, the parties' briefs, and the relevant legal authority, the Court is fully informed. For the reasons discussed below, the Court agrees with the Commissioner and affirms.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 1

# PROCEDURAL HISTORY[1]

Plaintiff applied for Disability Insurance Benefits (DIB) in May 2017, alleging her disability began in October 2015. AR 222, 230. The ALJ conducted a hearing, finding Plaintiff not disabled and entering an unfavorable decision denying her application. AR 33–56. Plaintiff appealed that decision, but the Appeals Council found that the reasons submitted did not provide a basis for changing the ALJ's decision and denied her request for review. AR 1–7. Plaintiff thus sought relief and filed a complaint in this Court. ECF No. 1.

# DISABILITY DETERMINATION

A "disability" is defined, for the purposes of receiving DBI benefits, as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The ALJ uses a five-step sequential evaluation process to determine whether a claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520, 416.920.

---

[1] The facts of the case are set forth in the administrative record. Plaintiff also briefly recited the facts in her motion for summary judgment, *see* ECF No. 15 at 3, and the parties have discussed any additional relevant facts in their briefing on those motions. *See generally id.* The Court thus provides only a short procedural summary here.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 2

At step one, the ALJ considers the claimant's work activity, if any. 20 C.F.R. §§ 404.1520(a)(4)(i), (b), 416.920(a)(4)(i), (b). If the claimant is doing any substantial gainful activity, the ALJ will find the claimant not disabled and deny their claim. *Id*. If the claimant is not doing any substantial gainful activity, the evaluation proceeds to step two.

At step two, the ALJ considers the medical severity of the claimant's impairment(s). 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c). If they do not have a severe medically determinable physical or mental impairment that meets the twelve month duration requirement in Section 404.1509, or a combination of impairments that is severe and meets the duration requirement, the ALJ will find the claimant not disabled and deny their claim. *Id*. If the claimant does have a severe physical or mental impairment, the evaluation proceeds to step three.

At step three, the ALJ also considers the medical severity of the claimant's impairment(s). 20 C.F.R. §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d). If they have an impairment(s) that meets or equals one of the Social Security Administration's listings in appendix 1 of this subpart and meets the duration requirement, the ALJ will find the claimant disabled. *Id*.; 404 Subpt. P App. 1. If their impairment(s) does not meet or equal a listed impairment, the evaluation proceeds to step four.

At step four, the ALJ considers the claimant's residual functional capacity

and their past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), (e), 416.920(a)(4)(iv), (e). If they can still do their past relevant work, the ALJ will find the claimant not disabled and deny their claim. *Id*.; *see also* §§ 416.920(f), (h), 416.960(b). If they cannot, the evaluation proceeds to step five.

At the fifth and final step, the ALJ considers the claimant's residual functional capacity and their age, education, and work experience to see if they can adjust to other work. 20 C.F.R. §§ 404.1520(a)(4)(v), (f), 416.920(a)(4)(v), (f). If they can adjust to other work, the ALJ will find the claimant not disabled and deny their claim. *Id*. If they cannot, the ALJ will find the claimant disabled and grant their claim. *Id*.; *see also* §§ 404.1520(g), (h), 404.1560(c).

The burden shifts during this sequential disability analysis. The claimant has the initial burden of establishing a prima facie case of entitlement to benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). If the claimant makes such a showing, the burden then shifts to the Commissioner to show work within the claimant's capabilities. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *see also* SSR 13-2P, 2013 WL 621536, at *4 ("The claimant has the burden of proving disability throughout the sequential evaluation process. Our only burden is limited to producing evidence that work the claimant can do exists in the national economy at step 5 of the sequential evaluation process."). To find a claimant disabled, their impairments must not only prevent them from doing their previous work, but also

(considering their age, education, and work experience) prevent them from doing any other substantial gainful work that exists in the national economy. *Id.*; 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

## ALJ FINDINGS

At step one, the ALJ found that Plaintiff had "not engaged in substantial gainful activity since October 5, 2015, the alleged onset date." AR 38.

At step two, the ALJ found that Plaintiff suffered from small fiber neuropathy, migraines, obesity, mild degenerative disc disease of the lumbar spine/lumbago, unspecified depressive disorder, unspecified anxiety disorder, cannabis use disorder, and opioid dependence. *Id.*

At step three, the ALJ found that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impartments." AR 39.

At step four, the ALJ found that Plaintiff was unable to perform her past relevant work. AR 49.

At step five, the ALJ found that Plaintiff could perform other work existing in the national economy and thus was not disabled. AR 50–51. Based on her determination that Plaintiff has the residual functional capacity to perform light work subject to certain limitations, the ALJ determined that Plaintiff could perform the requirements of representative occupations such as convenience story cashier,

mail clerk, peeled potato inspector, or photocopy machine operator, all of which are light, unskilled work with thousands of jobs available in the national economy. AR 41–42, 50.

## STANDARD OF REVIEW

Reviewing courts must uphold an ALJ's disability determination if it applied the proper legal standards and supported its decision with substantial evidence in the record. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded by regulation on other grounds*. "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The ALJ must base its determination on "more than a mere scintilla" of evidence, *id.* at 1154, but need not support its decision by a preponderance of the evidence. *Molina*, 674 F.3d at 1111. If the evidence supports more than one rational interpretation, and the ALJ has supported its decision with inferences drawn reasonably from the record, the Court must uphold its decision. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

Moreover, the Court will not reverse an ALJ's decision if it committed harmless error. *Molina*, 674 F.3d at 1111. The burden to show harmful error lies

with the party challenging the ALJ's determination. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## DISCUSSION

**A.     The ALJ permissibly discounted Schubert's opinion**

Plaintiff argues the ALJ erred by failing to adequately explain why it rejected the opinion of Eric Schubert, PA-C, one of Plaintiff's treatment providers. ECF No. 15 at 3. The Court disagrees. The ALJ properly weighed the evidence and resolved conflicting medical provider opinions with substantial evidence in the record.

**1.     The 2017 regulations displace Ninth Circuit precedent**

Previously, the Ninth Circuit recognized a hierarchy among the sources of medical opinions, known as the treating physician rule or the treating source rule. *Murray v. Heckler*, 722 F.2d 499 (9th Cir. 1983); *see also* 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017); *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 829 (2003). Specifically, it required the ALJ to articulate "clear and convincing reasons" in order to "reject the treating doctor's ultimate conclusions" when the treating doctor's opinion was contradicted by another doctor, or "specific and legitimate reasons supported by substantial evidence in the record" if it was not. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

In 2017, the Commissioner promulgated new regulations, effective for claims filed on or after March 27, 2017, such as Plaintiff's. *See* 20 C.F.R. § 404.1520c; AR

22. These regulations make several changes which are relevant here. First, they expanded the list of "acceptable medical sources" to include advanced nurse practitioners and licensed physician assistants. 20 C.F.R. § 404.1502(a). Second, the regulations alter the definition of "medical opinion" and the way that the ALJ considers and articulates their consideration of medical opinions. 20 C.F.R. § 404.1520c(a)–(c). The ALJ now considers the persuasiveness of a medical opinion using five factors: (1) supportability; (2) consistency; (3) relationship with claimant;[2] (4) specialization; and (5) other. 20 C.F.R. § 404.1520c(c). Because the first two factors are the most important, the ALJ *must* articulate their analysis as those two factors. 20 C.F.R. § 404.1520c(b)(2). But the ALJ has discretion to explain its consideration of the remaining factors.[3] 20 C.F.R. § 404.1520c(b)(2). The new regulations eliminate the hierarchy of medical opinions and the treating physician rule. 20 C.F.R. § 404.1520c(a); *see also* 82 Fed. Reg. at 5853.

The agency has "exceptionally broad authority" under the Social Security Act (SSA) "to prescribe the standards" for establishing qualification for DIB. *See*

---

[2] This factor encompasses several subfactors, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and the existence of an examining relationship. 20 C.F.R. § 404.1520c(c)(3)

[3] When the ALJ finds that "two or more medical opinions or prior administrative medical findings about the same issue are equally well-supported . . . and consistent with the record . . . but are not exactly the same, [they] will articulate how [they] considered" the other factors. 20 C.F.R. § 404.1520c(b)(3).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 8

*Bowen v. Yuckert*, 482 U.S. 137, 145 (1987) (internal quotation omitted). The SSA requires the agency to seek and consider treating medical source evidence, but it does not specify how the ALJ must evaluate that evidence. 42 U.S.C. § 423(d)(5)(B). The agency may change its policies when administering the SSA. "[T]he whole point of *Chevron* is to leave the discretion provided by the ambiguities of a statute with the implementing agency." *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981 (2005) (internal quotation omitted). "[A]n agency's intervening interpretation of a statute command[s] deference in the face of contrary circuit precedent." *Lambert v. Saul*, 980 F.3d 1266, 1274–75 (interpreting *Brand X*, 545 U.S. at 981–82) (gathering cases).

Most District Courts to have addressed this issue have concluded that the regulations displace Ninth Circuit precedent. *See Jones v. Saul*, No. 19-cv-01273 AC, 2021 WL 620475 (E.D. Cal. Feb. 17, 2021); *Gretchen S. v. Saul*, No. 6:19-cv-01842-IM, 2020 WL 6076265 (D. Or. Oct. 15, 2020); *Dilbeck v. Comm'r of Soc. Sec. Admin.*, No. CV-19-5289-PHX-DMF, 2020 WL 4364213 (D. Ariz. July 30, 2020); *but see Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 U.S. Dist. LEXIS 210471 (W.D. Wash Nov. 10, 2020) (determining that because Ninth Circuit precedent comes from general administrative law that it remains in force even with the 2017 regulations).

Such a result does not contravene the Administrative Procedure Act, which

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 9

requires only that decisions include a statement of "findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record." 5 U.S.C. § 557(c)(A). The new analytical framework provided by the updated regulations meets that standard. The ALJ thus did not err by applying the regulations in place of Ninth Circuit precedent.

### 2. The ALJ properly applied the new regulations to Schubert's opinions

Schubert treated Plaintiff beginning in 2016, trying different treatment plans to address her ailments and symptoms. AR 467–96. In support of Plaintiff's application, Schubert submitted a short, two-page assessment form listing his opinions as to Plaintiff's medical condition. AR 465–66. The form largely consisted of check box answers, although it allowed Schubert to write comments. *Id*. Schubert opined that Plaintiff suffers from migraine with aura and small fiber neuropathy with symptoms of chronic headaches, nausea, light/noise sensitivity, numbness, tingling of the extremities, and muscle twitching which limit her to sedentary work with occasional use of her upper extremities for reaching and handling. *Id*.[4] He also

---

[4] Plaintiff also argues that Schubert diagnosed her with fibromyalgia, even though he did not list as much on the assessment form. *Compare* AR 465–66 *with* AR 467. But at Step Two, the ALJ found that fibromyalgia did not constitute one of Plaintiff's severe impairments. AR 38–39. Plaintiff did not challenge this finding in her motion for summary judgment. *See* ECF No. 15. And the ALJ's determination was made based on substantial evidence. *See* Social Security Ruling (SSR) 12-2p,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 10

asserted that Plaintiff would likely miss four or more days of work per month due to her medical impairments, namely her migraines, if she attempted a 40-hour workweek. *Id*. If true, Plaintiff argues she would qualify as disabled because, as opined by the vocational expert, no jobs exist in the national economy which would allow her to miss four or more days of work per month and all of the jobs identified by the ALJ at step five require "frequent," rather than "occasional" reaching and handling. AR 113–14; *Dictionary of Occupational Titles* ("DOT"), Dep't of Labor (rev. 4th ed., 1991); *but see* AR 50–51 (The ALJ noted that "[t]o the extent that the vocational expert's testimony either differs from or goes beyond the strict wording of the DOT . . . this testimony is based on the vocational expert's [experience and qualifications].").

But the ALJ did not find Schubert's opinion persuasive. AR 47. She considered supportability and consistency, as well as other factors, including that Schubert was not an expert in SSA program physical disability evaluation requirements and had not reviewed longitudinal records from other providers. AR 48. Plaintiff argues that the ALJ "opened this door" and so should have considered

---

2012 WL 3104869 (July 25, 2012) (setting forth the criteria for establishing when fibromyalgia is a medically determinable impairment). Although Plaintiff reported some tenderness, her reports were not to the degree required. AR 39 (citing AR 586, 812). Dr. Jahnke, one of the testifying medical experts, also noted that the record is not sufficient to support a fibromyalgia diagnosis. AR 39 (citing the Hearing Testimony).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 11

all the factors listed in the regulations. ECF No. 15 at 6. But as discussed above, the ALJ's articulation of the other factors is discretionary. *See* 20 C.F.R. § 404.1520c(b)(2). The ALJ thus did not err by not explaining their consideration of the factors in paragraphs (c)(3) through (c)(5) of that section. *Id.*

And she grounded her findings in substantial evidence. True, Schubert treated Plaintiff on a regular basis and was familiar with her history. AR 467–496. But the ALJ reasonably considered conflicts in the longitudinal record—including evidence received at the hearing and conflicts in Schubert's own records—in rejecting Schubert's opinion. AR 47. She considered that Plaintiff had cancelled only one doctor appointment due to illness, that Schubert's treatment notes showed normal results for her work up on autonomic dysfunction and her examination revealed normal muscle strength and tone, as well as normal and intact sensation, cerebellar functioning, and gait and station. *Id.*; *see also* AR 470. And she noted that Schubert recommended only over-the-counter supplements, with a note to try Lamictal (a seizure medication for her migraines and nerve pain) in the future. AR 47. The ALJ noted that Plaintiff cares for multiple animals, walks her dog daily, plays the guitar, she for her three children, goes to the beach, and performs household chores. *Id.*; *see also* AR 272–75.[5]

---

[5] Any musings from the ALJ about the reasons for Schubert's inconsistent opinion were also not harmful error. *See* AR 48. The ALJ did not make any definitive

This Court respects that "the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041–42 (9th Cir. 2008) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.")). The ALJ applied the proper legal standards and supported her decision with substantial evidence in the record. *See Molina*, 674 F.3d at 1110. She made reasonable inferences supported by the record and relied on substantial evidence to support her findings.

The Court finds Plaintiff's arguments to the contrary unpersuasive. She argues that the normal workups noted by Schubert are consistent with her diagnoses, which evade detection on the listed examinations and tests. ECF No. 15 at 8–9. And even though she participates in some activities in her day-to-day life, she argues, that does not mean that she can work a 40-hour per week job—especially because she receives a great deal of help from her family. *Id.* at 19; *see also* AR 272–74. Plaintiff correctly points out that the Ninth Circuit has cautioned against

---

finding that Schubert exaggerated his opinion "in order to satisfy his patient's requests and avoid unnecessary doctor/patient tension." *Id.* Instead, she just noted that "[t]he possibility always exists." *Id.* Her findings rested largely on the fact that Schubert's opinion "departs substantially from the rest of the evidence in the record." *Id.*; *cf. McAllister v. Sullivan*, 888 F.2d 599, 602–03 (9th Cir. 1989) (applying the treating physician rule to conclude that the ALJ erred in rejecting a doctor's opinion for acting "as an advocate" without specific and legitimate reasons).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 13

1  "concluding that daily activities are inconsistent with testimony about pain, because
2  impairments that would unquestionably preclude work and all the pressures of a
3  workplace environment will often be consistent with doing more than merely
4  resting in bed all day." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). But
5  substantial evidence supports the ALJ's conclusion that Plaintiff's level of activity
6  was inconsistent with her claimed limitations. *See id.* Taking all the evidence
7  together, including the opinions of the other medical experts, the ALJ's
8  determination was reasonable. *See, e.g.*, AR 45, 391, 470, 555 & 710.

9        The "key question is not whether there is substantial evidence that could
10 support a finding of disability, but whether there is substantial evidence to support
11 the Commissioner's actual finding that claimant is not disabled." *Jamerson v.
12 Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). Just because "the ALJ *could* have
13 come to a different conclusion," does not mean the ALJ erred. *Shaibi v. Berryhill*,
14 883 F.3d 1102, 1108 (9th Cir. 2018) (emphasis in original). For these reasons, this
15 Court finds no error and Plaintiff's argument fails.

16

17 **B.  Any error from the ALJ's failure to analyze Glidewell's opinion was harmless**

18       Plaintiff next argues the ALJ erred by not addressing Kelly Glidewell,
19 ARNP's opinion in her decision. ECF No. 15 at 20. This Court again agrees with
20 Defendant that any error committed by the ALJ was harmless. *See Ludwig v. Astrue*,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 14

681 F.3d 1047, 1054 (9th Cir. 2012) (courts *must* conduct harmless error analysis before remanding an agency decision).

Glidewell began treating Plaintiff in 2018. AR 782–85. In support of Plaintiff's application for benefits, Glidewell filed the same short checkbox form as Schubert. AR 742–43. She opined that Plaintiff suffered from fibromyalgia with small fiber neuropathy, depression, foraminal stenosis of lumbar sacral region, chronic widespread musculoskeletal pain, migraines, numbness, and tingling in extremities. AR 742. Like Schubert, she limited Plaintiff's capacity to sedentary work with occasional use of her upper extremities for reaching and handling and asserted that Plaintiff would likely miss four or more days of work per month due to her medical impairments, namely her migraines, if she attempted a 40-hour workweek. AR 742–43.

The ALJ did not analyze Glidewell's opinion at all in her decision, although she did cite to it, meaning she did not overlook it entirely. *See* AR 46; *see generally* AR 33–56. This constitutes legal error. *See* 20 C.F.R. § 404.1520c. Yet the reasons cited by the ALJ in discounting Schubert's opinion also applied to Glidewell's opinion, since they were nearly identical.[6] *Compare* AR 465–66, *with* 742–43; *see*

---

[6] Schubert and Glidewell listed slightly different diagnoses. In particular, Glidewell listed fibromyalgia. AR 742. As discussed above, the ALJ determined that fibromyalgia was not a medically determinable impairment and thus cannot inform

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 15

*also* ECF No. 15 at 20–21; *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). The error was therefore harmless.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

3. The Clerk's Office shall **ENTER JUDGMENT** for **DEFENDANT** and **CLOSE** the file.

**IT IS SO ORDERED.** The Clerk's Office shall enter this Order and provide copies to all counsel.

**DATED** this 8th day of March 2021.

*[signature]*
SALVADOR MENDOZA, JR.
United States District Judge

---

the analysis. *Supra*, note 4; *see also* AR 39; 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 16